Filed 6/4/2023 3:22 PM
Marcus Carlock
District Clerk
Titus County, Texas

Sharolyn Redar

**NO. 42810**

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE DISTRICT COURT OF |
| | § | |
| LOYD CRAWFORD BARROW, | § | TITUS COUNTY, TEXAS |
| | § | |
| DECEASED | § | 76TH/276TH JUDICIAL DISTRICT |

**Second Amended Opposition to Probate of Will and to Issuance of Letters
Testamentary, Counter-Application for Probate of Will and for Issuance of
Letters Testamentary, Application to Void Marriage
and Petition for Recission of Deed**

TO THE HONORABLE COURT:

Sandra Timmerman, ("Timmerman") for the purpose of opposing the Application to Probate Will and for Issuance of Letters Testamentary for probate of that purported will of Loyd Crawford Barrow, ("Decedent") dated June 18, 2019 and for issuance of letters testamentary, filed by Charles B. Dejoux ("Charles Dejoux"), in the County Court at Law of Lamar County on January 31, 2022, and for the purpose of seeking to probate that Last Will and Testament of Decedent dated February 1, 2018, and for issuance of letters testamentary, furnishes the following information to the Court. Timmerman further seeks to void the alleged marriage between Decedent Loyd Crawford Barrow and Elizabeth Arnold ("Defendant Arnold"). Timmerman, joined by Nancy Coons, further seek the recission of a deed purportedly conveying real property of Decedent to Anissa Isabelle Dejoux ("Defendant Anissa Dejoux").

1. Timmerman is an individual residing at 3625 San Paula Dr., Flower Mound, Denton County, Texas.

2. Nancy Coons ("Coons") is an individual residing at 201 Ridgewood Dr., Victoria, Texas 77901.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,
Counter-Application for Probate of Will and for Issuance of Letters Testamentary,
Application to Void Marriage, and Petition for Recission of Deed*                    *Page 1*

Copy from re:SearchTX

3.      Defendant Elizabeth Arnold, an individual residing at 4040 FM 1001, Mount Pleasant, Titus County, Texas, where process may be served.

4.      Defendant Anissa Isabelle Dejoux is an individual residing in Lamar County, Texas. Citation may be served on the defendant at 2734 County Road 44100, Powderly, Lamar County, Texas.

5.      Defendant in rem only is CGB Agri Financial Service, Inc. which may be served at 2209 River Road, Louisville, Kentucky 40206. CGB Agri Financial Services holds a lien on the property that is subject to Paragraphs 38 – 49.

6.      Defendant in rem only is the Farm Service Agency, U. S. Department of Agriculture, which may be served at 2405 Texas Avenue South, College Station, Texas 77840. Farm Service Agency holds a lien on the property that is subject to Paragraphs 38 – 49.

7.      Defendant in rem only is Lone Star Land Bank – FLCA, which may be served at 655 Clarksville Street, Paris, Texas 75460. Lone Star land Bank – FLCA held a lien on the property that is subject to Paragraphs 38 – 49, which lien was paid off by the sale that is sought to be rescinded.

8.      Timmerman and Coons plead that discovery should be conducted in accordance with a tailored discovery control plan under Civil Procedure Rule 190.4.

## I. OPPOSITION TO PROBATE OF WILL AND TO ISSUANCE OF LETTERS TESTAMENTARY

9.      Timmerman objects to the probate of the purported will of Decedent dated June 18, 2019 filed by Charles Dejoux in this Court on January 31, 2022 (the "Second Will"), furnishes the following information to the Court.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                    *Page 2*

Copy from re:SearchTX

### A. Information About Contestant

10.     Timmerman is a person interested in Decedent's estate in that she is a beneficiary under the Last Will and Testament of Loyd Crawford Barrow dated February 1, 2018 (the "First Will").

### B. Domicile

11.     Timmerman is an individual domiciled and residing in Denton County, Texas.

### C. Admitted Allegations

12.     The allegation of Decedent's age, and the fact and date of Decedent's death in Charles Dejoux's application for probate are admitted by Timmerman and are adopted and made part of this opposition.

13.     The place of Decedent's death; and the facts showing jurisdiction and venue are denied.

### D. General Denial

14.     Excepting the matter admitted in Paragraph 9, Timmerman denies generally the allegations contained in Charles Dejoux's application for probate and demands strict proof thereof as required by Texas law.

### E. Invalid Will

15.     The Second Will, dated June 18, 2019, and filed in the County Court of Lamar County, along with the application for probate on January 31, 2022, and purporting to be Decedent's last will and testament, is not Decedent's lawful and valid will and should not be admitted to probate.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                    *Page 3*

Copy from re:SearchTX

### F. No Testamentary Capacity

*16.* On the date of the alleged execution of Decedent's purported will, that is, on June 18, 2019, Decedent lacked the testamentary capacity required by law to make a valid last will and testament, in that he lacked the ability to know and understand the business in which he was engaged, the effect of the act of making a will, the objects of his bounty and their claims on him, and the general nature and extent of his property. In addition, on that date, Decedent did not have sufficient memory to collect in his mind the elements of the business to be transacted and to hold them long enough to perceive at least their obvious relation to each other and to be able to form a reasonable judgment as to them.

### G. Undue Influence

17. The instrument dated June 18, 2019, if in fact executed by Decedent, was executed as the result of undue influence exerted over Decedent. Influence existed and was exerted, that influence effectively operated so as to subvert or overpower Decedent's mind at the time of the execution of the instrument, and Decedent would not have executed the instrument but for that influence.

## II. COUNTER-APPLICATION FOR PROBATE OF COPY OF WILL AND FOR ISSUANCE OF LETTERS TESTAMENTARY

18. Counter-Applicant Timmerman is interested in this estate. The last three numbers of the Timmerman's Texas ID and social security number are 154 and 536, respectively.

19. Decedent died on December 15, 2021, in Mount Pleasant, Texas, at the age of 89. The last three numbers of the decedent's driver's license number and social security number are 620 and 046, respectively.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                    *Page 4*

Copy from re:SearchTX

20.    Decedent owned personal property having a probable value in excess of $50,000.

21.    Decedent left a valid, unrevoked, written will bearing the Decedent's signature and dated February 1, 2018, a copy of which is filed with this application (the "First Will") as Exhibit A.

22.    Decedent's First Will named NANCY COONS, whose residence address is 201 Ridgewood Drive, Victoria, Texas 77901, and HAROLD HIGHTOWER, whose residence address is 212 Santa Fe Trail, Waxahachie, Texas 75165, to serve without bond or other security as Independent Executor. However, HAROLD HIGHTOWER does not desire to serve as a co-Executor and is expected file herein a consent to Counter-Applicant Timmerman's filing of this Application.

23.    Ms. Coons is not disqualified by law from serving as Executor or from accepting Letters Testamentary, and she is entitled to such Letters.

24.    The subscribing witnesses to the First Will and their present addresses are Kathy Coker, at 2765 NE Loop 286, Paris, Texas 75460, and Elena LaFountain, at 2765 NE Loop 286, Paris, Texas 75460.

25.    Devisees under the First Will are his beloved daughters, Nancy Coons, and Sandra Fae Timmerman.

26.    No child was born or adopted by Decedent after the First Will was made.

27.    No marriage of Decedent was ever dissolved after the First Will was made, whether by divorce, annulment, or a declaration that the marriage was void. However, concurrently with this Petition, Timmerman seeks to annul a purported marriage that was entered into after the First Will was made.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                          *Page 5*

Copy from re:SearchTX

28.     The name, age, marital status, address, and relationship to the Decedent of each devisee under the First Will and each person who would inherit from the Decedent as an heir in the absence of a valid will are as follows:

| Name | Age | Marital Status | Address | Relationship |
|---|---|---|---|---|
| Nancy Coons | 64 | Widowed | 201 Ridgewood Drive Victoria, Texas 77901 | Daughter of Decedent |
| Sandra Timmerman | 78 | Single | 3625 San Paula Drive Flower Mound, Texas 75022 | Step-Daughter of Decedent |
| Elizabeth Q. Arnold | 57 | single* | 4040 FM 1001 Mount Pleasant, Texas 75455 | Purported wife of Decedent* |
| *Counter-Applicant Timmerman also challenges the validity of the marriage of Elizabeth and the decedent in this pleading. | | | | |

29.     The First Will provides for an independent administration.

30.     The First Will was made self-proved in the manner prescribed by law.

31.     A necessity exists for administration of this estate in order to distribute the assets of the estate to the devisees named under the First Will.

### III. APPLICATION TO VOID MARRIAGE

32.     This Application to Void Marriage is brought by Applicant Sandra Timmerman pursuant to Tex. Estates Code § 123.102.

33.     Decedent and Defendant Elizabeth Arnold were allegedly married on October 3, 2019, in Lamar County, Texas.

34.     No protective order under Family Code Title 4 or Code of Criminal Procedure Chapter 7B, Subchapter A, and no order for emergency protection under Code of Criminal

Copy from re:SearchTX

Procedure Article 17.292 is in effect at this time, and no application for such an order is pending, with regard to the parties to this suit or a child of a party to this suit.

35.     At the time of the marriage, as a result of a mental disease or defect, Decedent did not have the mental capacity to consent to marriage or to understand the nature of the marriage ceremony. Since the marriage ceremony, Decedent did not voluntarily cohabitate with respondent during any period when Decedent possessed the mental competency to recognize the marriage relationship.

36.     There are no children of the marriage under 18 years of age, and none are expected.

37.     The Decedent and the respondent have acquired no community property during the purported marriage aside from incidentals, and each owns separate property. They also have incurred certain community liabilities during the marriage. The Court should order a division of the estate of the Decedent and the respondent in a manner that the Court deems just and right.

## IV. PETITION FOR RECISSION OF DEED

38.     Sandra Timmerman and Nancy Coons ("Plaintiffs" as to this Petition for Recission of Deed) plead that discovery should be conducted in accordance with a tailored discovery control plan under Civil Procedure Rule 190.4.

39.     Plaintiffs seek non-monetary relief and monetary relief over $1,000,000. As there is a probate proceeding now pending in this court, this matter is within the jurisdiction of this court. *See* Tex. Estates Code 32.003; *see also* Tex. Estates Code 31.002.

40.     Plaintiff Nancy Coons is an individual residing in Victoria County, Texas.

41.     Plaintiff Sandra Timmerman is an individual residing in Denton County, Texas.

42.     Loyd Crawford Barrow, deceased, resided at his death in Titus County, Texas.

43.     Defendant Anissa Dejoux is an individual residing in Lamar County, Texas.

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                    *Page 7*

Copy from re:SearchTX

44.     Defendant Elizabeth Arnold is an individual residing in Titus County, Texas.

45.     The Decedent was the owner of a certain tract of land, including certain oil, gas, and mineral interests, thereunder, located in Lamar County, Texas, as more particularly described as:

> All those tracts or parcels of land in the Hiram Wilbanks Survey, Abst. No. 1007, the John Cornelison Survey, Abst. No. 180, and the Edward Stephens Survey, Abst. No. 833, more fully described in Exhibit B to this Petition, save and except those tracts or parcels of land previously sold off, more fully described in Exhibit C to this petition.

46.     On November 16, 2021, the Decedent purportedly signed a deed, along with Defendant Elizabeth Arnold, pro forma, a true copy of which is attached as Exhibit D, purporting to convey to Defendant Anissa Dejoux all the Decedent's property described in Paragraph 42, above. In return, the Decedent allegedly received, according to the deed, Nine hundred seventy-five thousand dollars, paid by Paducah Bank and Trust Company and the Farm Service Agency, United States Department of Agriculture.

47.     The deed purportedly executed by the Decedent is voidable because Loyd Crawford Barrow then lacked sufficient mental capacity to know and understand the nature of his acts. Further, if in fact such deed was executed by Decedent, it was executed as the result of undue influence or fraud exerted over Decedent. Such influence or fraud existed and was exerted, that influence or fraud effectively operated so as to subvert or overpower Decedent's mind at the time of the execution of the instrument, and Decedent would not have executed the instrument but for that influence or fraud.

48.     In inducing Decedent's purported execution of the deed made the subject of this litigation, Defendants Anissa Dejoux and Elizabeth Arnold acted with malice, intending to cause harm to the Decedent. At all times material to the matter, the Defendants held a specific intent to cause substantial financial and mental injury to the Decedent or, at least, was well aware of the

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*                    *Page 8*

Copy from re:SearchTX

extreme degree of the risk of such injury to the Decedent and proceeded nevertheless with conscious indifference to the Decedent's rights and welfare. Accordingly, Plaintiffs are entitled to recover exemplary damages from Defendants Anissa Dejoux and Elizabeth Arnold.

49. The plaintiffs have retained the law firm of Wilson, Robertson and VanDeventer, P.C. to represent the plaintiff in this action for recission of deed and have agreed to pay the firm a reasonable fee for necessary services. An award of attorney's fees and costs to the plaintiff would be equitable and just and authorized by Section 37.009 of the Civil Practice and Remedies Code. Further Plaintiffs are entitled to recovery of attorneys' fees pursuant to Chapter 27 of the Texas Business and Commerce Code.

WHEREFORE, Sandra Timmerman prays:

a. that the instrument offered by Applicant Charles B. Dejoux not be admitted to probate;

b. that letters testamentary not be issued under that instrument;

c. that the First Will be admitted to probate;

d. that letters testamentary be issued under the First Will;

e. that the purported marriage between Decedent and Elizabeth Arnold be annulled;

f. that she have and recover reasonable and necessary attorneys' fees;

g. and that such other and further orders be made as the Court may deem proper.

WHERFORE, Sandra Timmerman and Nancy Coons pray:

a. that the purported deed from Decedent to Anissa Isabelle Dejoux be rescinded;

b. that a declaratory judgment be entered declaring that the purported deed from Decedent to Anissa Isabelle Dejoux is void and of no effect;

Copy from re:SearchTX

c.      that Sandra Timmerman and Nancy Coons have and recover judgement for exemplary damages from Defendants Anissa Dejoux and Elizabeth Arnold;

d.      that Sandra Timmerman and Nancy Coons have and recover judgement for reasonable and necessary attorneys' fees from Defendants Anissa Dejoux and Elizabeth Arnold;

e.      and that such other and further orders be made as the Court may deem proper.

Respectfully submitted,

**WILSON, ROBERTSON & VANDEVENTER, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone:    (903) 509-5000
Telecopier:    (903) 509-5091

By: *  /s/ Ronald D. Stutes*
    **RONALD D. STUTES**
    State Bar Card No. 19452600
    rstutes@wilsonlawfirm.com

**ATTORNEYS FOR SANDRA TIMMERMAN AND NANCY COONS**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Opposition has been served on all parties of record in accordance with the Texas Rules of Civil Procedure on this 4th day of August, 2023.

*  /s/ Ronald D. Stutes*
    **RONALD D. STUTES**

*Second Amended Opposition to Probate of Will and to Issuance of Letters Testamentary,*
*Counter-Application for Probate of Will and for Issuance of Letters Testamentary,*
*Application to Void Marriage, and Petition for Recission of Deed*      *Page 10*

Copy from re:SearchTX

EXHIBIT "A"

COPY

# LAST WILL AND TESTAMENT

## OF

## LOYD CRAWFORD BARROW

**Prepared by:**

**Law Offices of Sydney Young**

**2765 NE Loop  286**

**Paris, Texas 75460**

**903-785-7523**

**903-782-9700 (facsimile)**

11

Copy from re:SearchTX

EXHIBIT "A"

# LAST WILL AND TESTAMENT
## OF
## LOYD CRAWFORD BARROW

I, LOYD CRAWFORD BARROW, of Lamar County, Texas, make this my Last Will and Testament, and I revoke all Wills and Codicils previously made by me.

## ARTICLE I.
## Identification

A.     **Widower.** I am a widower.

B.     **Children.** I have one daughter, Nancy Lois Coons. My deceased wife has one daughter, Sandra Fae Timmerman. All references in this Will to "my daughters" are to them.

## ARTICLE II.
## Memorandum

I request that the beneficiaries of my estate and my Executor honor the provisions of any memorandum written by me directing the disposition of any portion of my personal and household effects.

## ARTICLE III.
## Specific Bequests

1.     All of my interest in and to any and all personal property should be distributed as follows: an undivided one-half interest to Nancy Lois Coons and an undivided one-half interest to Sandra Fae Timmerman, per capita, so that if one fails to survive, their portion shall be distributed to the survivor of the two. If neither survives, this gift lapses.

## ARTICLE IV.
## Residue

1

Copy from re:SearchTX

EXHIBIT "A"

shares:

1. Trustee of The Loyd Barrow Family Trust; provided, however, if The Loyd Barrow Family Trust is not in existence on the date of my death, then the Trust may be funded as a Testamentary Trust with Nancy Coons and Sandra Fae Timmerman being the beneficiaries per stirpes. However, if the Co-Executors and Co-Trustees elect not to fund the Trust, then this share of the residue of my estate shall pass as follows:

   a. Nancy Coons, an undivided one-half interest in the residue of my estate; provided, however, if she fails to survive me, this share of the residue of my estate shall be distributed to her descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.

   b. Sandra Fae Timmerman, an undivided one-half interest in the residue of my estate; provided, however, if she fails to survive me, this share of the residue of my estate shall be distributed to her descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.

If all of the beneficiaries listed above fail to survive me or are not in existence on the date of my death, then I give, devise and bequeath all of the residue of my estate to my heirs.

## ARTICLE V.
### Contingent Trusts

**A.** **Applicability.** Any share of my estate that is to be distributed to a person who is under the age of 25 or who is incapacitated (referred to herein as the "Beneficiary") shall be held by my Trustee as a separate trust for the benefit of such Beneficiary.

**B.** **Distributions.** My Trustee shall distribute to the Beneficiary of each trust such amounts of the income and principal of such trust as my Trustee, in my Trustee's absolute and uncontrolled discretion, deems desirable from time to time to provide for such Beneficiary's health, support, maintenance or education, directly and without the interposition of any guardian or conservator.

Copy from re:SearchTX

EXHIBIT "A"

**C.** **Termination.** Each trust created by this Article for a Beneficiary who is under age 25 shall terminate when such Beneficiary attains that age. Each trust created by this Article for a person who is incapacitated shall terminate when the Beneficiary of such trust, in the absolute and uncontrolled discretion of my Trustee, is no longer incapacitated. Upon the termination of a trust created by this Article, the remaining property of such trust shall be distributed to the Beneficiary of such trust, but if a Beneficiary dies before the termination of such Beneficiary's trust, then upon such Beneficiary's death the remaining property of such trust shall be distributed to such Beneficiary's estate.

## ARTICLE VI.
### Executor and Trustee Appointments

**A.** **Executor and Trustee.** I appoint my daughter, Nancy Coons, and my brother-in-law, Harold Hightower, to be Independent Co-Executors of my Will and estate and Co-Trustees of all trusts created by my Will.

**B.** **Bond; Independent Administration.** No bond or other security shall be required of my Executor or of my Trustee in any jurisdiction. No action shall be required in any court in relation to the settlement of my estate other than the probating and recording of my Will and, if required by law, the return of an inventory, appraisement, and list of claims of my estate. An affidavit in lieu of inventory may be substituted for an inventory, appraisement, and list of claims if permitted by law.

**C.** **Expenses and Compensation.** Every Executor and Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with such Executor's or such Trustee's duties. Every Executor and Trustee shall be entitled to fair and reasonable compensation for services rendered by such Executor or such Trustee in an amount not exceeding the customary and prevailing charges for services of a similar character at the time and place such services are performed.

**D.** **Ancillary Executors and Trustees.** If my estate or any trust created by this Will contains property located in another state or a foreign jurisdiction and my Executor or Trustee cannot or chooses not to serve under the laws thereof, my Executor or Trustee shall have the power to appoint an ancillary individual or corporate Executor or Trustee of such property.

**E.** **Multiple Executors and Trustees.** Unless another meaning is clearly indicated or required by context or circumstances, the term "Executor" or "Trustee" shall also mean and include any Co-Executors, Co-Trustees, alternates, or successors. Except as otherwise specifically provided



3

Copy from re:SearchTX

EXHIBIT "A"

in this Will, if two or more Executors or Trustees are named or serving hereunder and any one or more, but not all, decline, fail or cease to serve for any reason, and no successor Executor or Trustee is named herein, then the remaining Executor or Trustee, or Co-Executors or Co-Trustees, as the case may be, shall be appointed or continue to serve in such capacity.

F.      **Actions by Co-Executors and Co-Trustees.** In all matters relating to my estate or to any trust created by my Will, when Co-Executors or Co-Trustees are serving, all such Co-Executors or Co-Trustees must act jointly and together.

## ARTICLE VII.
### Executor and Trustee Powers

Each Executor and Trustee shall, to the extent permitted by law, act independently and free from the control of any court as to my estate and as to every trust established under this Will (and as to all of the property of my estate and all of the property of every trust created under this Will). Each Executor and Trustee shall have and possess all powers and authorities conferred by statute or common law in any jurisdiction in which such Executor and Trustee may act, including all powers and authorities conferred by the Texas Trust Code and by any future amendments thereto, except for any instance in which such powers and authorities may conflict with the express provisions of this Will, in which case the express provisions of this Will shall control. In addition to such powers and authorities, each Executor and Trustee shall have and possess the following powers and authorities (each of which shall be exercisable in the discretion of such Executor or Trustee) with respect to my estate and every trust established hereunder, and the following provisions shall apply to my estate and every trust established under this Will:

(1)      To retain, without liability for any depreciation or loss occasioned by such retention, any property which was owned by me when my Executor or Trustee determines that, because of the circumstances involved, my estate or a trust created hereunder would be better served by not diversifying the investment in such property;

(2)      To exchange, sell or lease (including leases for terms exceeding the duration of all trusts created by this Will) for cash, property or credit, or to partition, publicly or privately, at such prices, on such terms, times and conditions and by instruments of such character and with such covenants as my Executor or Trustee deems proper, all or any part of the properties of my estate or any trust, including real property, and no vendee or lessee shall be required to look to the application of any



4

funds paid to my Executor or Trustee;

(3)     To borrow money from any source (including any Executor or Trustee) and to mortgage, pledge, or in any other manner encumber all or any part of the properties of my estate or any trust as may be advisable in the judgment of my Executor or Trustee for the advantageous administration of my estate or any trust;

(4)     To make, in the discretion of my Executor or Trustee, any distribution required or permitted to be made to any beneficiary under this Will, or under any trust established by this Will, in any of the following ways when such beneficiary is a minor or is incapacitated: (i) to such beneficiary directly; (ii) to the guardian or conservator of such beneficiary's person or estate; (iii) by utilizing the same, directly and without the interposition of any guardian or conservator, for the health, support, maintenance, or education of such beneficiary; (iv) to a person or financial institution serving as custodian for such beneficiary under a uniform gifts to minors act or a uniform transfers to minors act of any state; (v) by reimbursing the person who is actually taking care of such beneficiary (even though such person is not the legal guardian or conservator) for expenditures made by such person for the benefit of such beneficiary; and (vi) by managing such distribution as a separate fund on the beneficiary's behalf, subject to the beneficiary's continuing right to withdraw the distribution; and the written receipts of the persons receiving such distributions shall be full and complete acquittances to my Executor or Trustee;

(5)     To make divisions, partitions, or distributions in money or in kind, or partly in each, whenever required or permitted to divide, partition, or distribute all or any part of my estate or of any trust; and, in making any such divisions, partitions, or distributions, the judgment of my Executor or Trustee in the selection and valuation of the assets to be so divided, partitioned, or distributed shall be binding and conclusive; and, further, my Executor shall be authorized to make distributions from my estate on a non-pro rata basis;

(6)     To invest and reinvest the properties of my estate or of any trust in any kind of property whatsoever, real or personal (including oil, gas and other mineral leases, royalties, overriding royalties and other interests), whether or not productive of income, and such investments and reinvestments may be made without regard to the proportion that such property or property of a similar character held may bear to my entire estate, or to the entire trust, if my Executor or Trustee determines that, because of the circumstances involved, my estate or such trust would be better served by not diversifying such investment or reinvestments; and in addition to make loans to any beneficiary of any trust with adequate security and at an adequate interest rate; provided further, the standard for assessing the investment performance of a Trustee



5

Copy from re:SearchTX

EXHIBIT "A"

who is an individual shall be the prudent investor rule in Section 117.004 of the Texas Uniform Prudent Investor Act, and such rule shall be applied to the investment performance of the entire portfolio, taking into account the purposes, terms and provisions stated herein, and not the investment performance of any single investment considered apart from the rest of the portfolio; and

(7)     To enter into any transaction on behalf of my estate or of any trust (including loans to beneficiaries for adequate security and adequate interest) despite the fact that another party to any such transaction may be (i) a trust of which any Executor or Trustee under this Will is also a trustee, including any trust established by this Will; (ii) an estate of which any Executor or Trustee under this Will is also an executor, personal representative or administrator, including my estate; (iii) a business or trust controlled by any Executor or Trustee under this Will or of which any such Executor or Trustee, or any director, officer or employee of any such corporate Executor or corporate Trustee is also a director, officer or employee; or (iv) any beneficiary, Trustee, or Executor under this Will acting individually.

## ARTICLE VIII.
### Miscellaneous

**A.     Spendthrift Provisions.** Each trust created by this Will shall be a spendthrift trust to the fullest extent allowed by law. Prior to the actual receipt of property by any beneficiary, no property (income or principal) distributable under this Will or under any trust created by this Will shall, voluntarily or involuntarily, be subject to anticipation or assignment by any beneficiary, or to attachment by or to the interference or control of any creditor or assignee of any beneficiary, or taken or reached by any legal or equitable process in satisfaction of any debt or liability of any beneficiary, and any attempted transfer or encumbrance of any interest in such property by any beneficiary hereunder prior to distribution shall be void.

**B.     Accounting.** Except as otherwise provided in this Section, all properties, books of account, and records of my estate and of each trust created by my Will shall be made available for inspection at all times during normal business hours by any beneficiary of my estate or such trust, or by any person designated by such beneficiary. Furthermore, except as otherwise provided in this Section, within 60 days of receiving a written request from a beneficiary of my estate or of a trust created by my Will, my Trustee shall furnish an accounting to such beneficiary. Any such accounting shall comply with the requirements of the Texas Trust Code and shall be deemed correct and binding

6

Copy from re:SearchTX

one year after receipt by the requesting beneficiary. Notwithstanding the foregoing, with regard to each beneficiary of a trust who is under 25 years of age, my Trustee shall be relieved of the duty to keep such beneficiary reasonably informed concerning the administration of such trust and the material facts necessary for such beneficiary to protect such beneficiary's interest, and my Trustee shall have no duty to respond to a demand for an accounting.

**C.** **Survivorship Provisions.** No person shall be deemed to have survived me if such person shall die within 30 days after my death; however, my Executor may make distributions from my estate within that period for the support of my The Loyd Barrow Family Trust. Any person who is prohibited by law from inheriting property from me shall be treated as having failed to survive me.

**D.** **Payment of Debts.** I direct that all of my legal debts, funeral and testamentary expenses, costs and expenses of administration of my estate, and all estate, inheritance, transfer and succession taxes (Federal, State and others) upon or with respect to any property required to be included in my gross estate under the provisions of any law, and whether or not passing hereunder, shall be paid as soon after my death as in the opinion of my Executor is practical and advisable. If at the time of my death any of my property is subject to a mortgage, lien, or other debt, I direct that the devisee taking such property shall take it subject to such mortgage, lien, or other debt, and that such person shall not be entitled to have the obligation secured thereby paid out of my general estate. My Executor is specifically given the right to renew, refinance and extend, in any form that my Executor deems best, any secured or unsecured debt or charge existing at the time of my death. Under no circumstances shall my Executor be required to prepay any debt of mine.

**E.** **Arbitration of Disputes.** If a dispute arises between or among any of the beneficiaries of my estate, the beneficiaries of a trust created under my Will, the Trustee of a trust created hereunder, or the Executor of my estate, or any combination thereof, such dispute shall be resolved by submitting the dispute to binding arbitration. It is my desire that all disputes between such parties be resolved amicably and without the necessity of litigation.

**F.** **Descendants.** References to "descendant" or "descendants" mean lineal blood descendants of the first, second or any other degree of the ancestor designated; provided, however, such references shall include, with respect to any provision of this Will, descendants who have been conceived at any specific point in time relevant to such provision and who thereafter survive birth; and provided, further, except as hereinafter provided in this Section, an adopted child and such adopted child's lineal descendants by blood or adoption shall be considered under my Will as lineal blood descendants of the adopting parent or parents and of anyone who is by blood or adoption a lineal ancestor of the adopting parent or of either of the adopting parents. Notwithstanding any



Copy from re:SearchTX

provision in this Will to the contrary, any person who is adopted (by anyone other than me) after reaching age 14 and any person who is a lineal descendant (whether by blood or adoption) of such person who is adopted (by anyone other than me) after reaching age 14 shall not be included in the definition of "descendant" or "descendants" and shall not be considered as a lineal blood descendant of the adopting parent or parents.

G. **Incapacitated.** A beneficiary shall be deemed "incapacitated" if my Executor or Trustee, in my Executor's or Trustee's absolute and uncontrolled discretion, determines that such beneficiary lacks the ability, due to a physical or mental condition, to manage his or her own personal and financial affairs. My Executor or Trustee shall be deemed "incapacitated" if and for as long as (i) a court of competent jurisdiction has made a finding to that effect, (ii) a guardian or conservator of such Executor's or Trustee's person or estate has been appointed by a court of competent jurisdiction and is serving as such, or (iii) two physicians (licensed to practice medicine in the state where my Executor or Trustee is domiciled at the time of the certification, and one of whom shall be board certified in the specialty most closely associated with the cause of such Executor's or Trustee's incapacity) certify that due to a physical or mental condition my Executor or Trustee lacks the ability to manage his or her own personal and financial affairs. An incapacitated Executor or Trustee shall be deemed to have regained capacity if there is a finding to that effect by a court of competent jurisdiction or if two physicians (with the same qualifications described above) certify that the Executor or Trustee is capable of managing his or her personal and financial affairs.

H. **Heirs.** References to "heirs" are to those persons who would inherit separate personal property from the person designated under the statutes of descent and distribution of the State of Texas, if such person died intestate and single at such time.

I. **Governing Law.** The construction, validity and administration of each trust created under this Will shall be controlled by the laws of the State of Texas. My Trustee may designate the laws of another jurisdiction as the controlling law with respect to the administration of a particular trust if the primary beneficiary of such trust resides in such designated jurisdiction, in which case the laws of such designated jurisdiction shall apply to such trust as of the date specified in such designation. Any such designation shall be in writing and shall be delivered to each beneficiary of the affected trust.

J. **Right To Use Principal Residence.** Each beneficiary of a trust created hereunder who desires to qualify eligible real or personal property for the homestead exemption shall have the right to use and occupy such property owned by such trust as such beneficiary's principal residence rent free and without charge for life or until such trust terminates, whichever occurs first. Further,

8

any such property (or any interest therein) shall be acquired by an instrument of title that describes the property with sufficient certainty to identify it and the interest acquired, and the instrument shall be recorded in the real property records of the county in which the property is located. It is my intention that each home owned by a trust created under my Will qualify for the homestead exemption and that the trust which owns such property is a "qualifying trust" as defined and described in Section 11.13(j) of the Texas Tax Code.

     **K.**    **Per Stirpes.**  When a distribution is to be made to a person's descendants "per stirpes," property shall be divided into as many equal shares as there are (i) members of the nearest generation of descendants who survive such person, and (ii) deceased members of that generation who left descendants who survive such person. This division into shares shall begin at the generation nearest to such person that has a surviving member. Each surviving member of the nearest generation of descendants with a member who survives such person shall receive one share, and the share that would have passed to each deceased member of that generation who left descendants who survive such person shall be divided in a similar manner (by reapplying the preceding rule) among his or her descendants who survive such person. For example, if a person has deceased children and surviving children when a distribution is to be made, the assets will be divided into equal shares at the child level and distributed per stirpes below that level; however, if the person has no surviving children at such time, that equal division will be made at the grandchild level (or lower, if appropriate) and distributed per stirpes below that level. This definition is intended to override any conflicting or contrary common law definition.

     I, LOYD CRAWFORD BARROW, as testator, after being duly sworn, declare to the undersigned witnesses and to the undersigned authority that this instrument is my will, that I have willingly made and executed it in the presence of the undersigned witnesses, all of whom were present at the same time, as my free act and deed, and that I have requested each of the undersigned witnesses to sign this will in my presence and in the presence of each other. I now sign this will in the presence of the attesting witnesses and the undersigned authority on the _____ day of February, in the year 2018.

                                     _LOYD CRAWFORD BARROW, Testator_

Copy from re:SearchTX

EXHIBIT "A"

The undersigned, Kathy Coker and Elena LaFountain, each being above fourteen years of age, after being duly sworn, declare to the testator and to the undersigned authority that the testator declared to us that this instrument is the testator's will and that the testator requested us to act as witnesses to the testator's will and signature. The testator then signed this will in our presence, all of us being present at the same time. The testator is eighteen years of age or over (or being under such age, is or has been lawfully married, or is a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service), and we believe the testator to be of sound mind. We now sign our names as attesting witnesses in the presence of the testator, each other, and the undersigned authority on the ___/5t___ day of February, in the year 2018.

Witness Signature
Kathy Coker
Address: 2765 NE Loop 286, Paris, TX 75460

Witness Signature
Elena LaFountain
Address: 2765 NE Loop 286, Paris, TX 75460

Subscribed and sworn to before me by the said LOYD CRAWFORD BARROW, the testator, and by the said Kathy Coker and Elena LaFountain, witnesses, on the ___/5t___ day of February, in the year 2018.

SYDNEY YOUNG
Notary Public
STATE OF TEXAS
ID#12399395-5
My Comm. Exp. Sep. 24, 2021

Notary Public, State of Texas

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Jackson on behalf of Ronald Stutes
Bar No. 19452600
ljackson@wilsonlawfirm.com
Envelope ID: 78228533
Filing Code Description: No Fee Documents
Filing Description: 2023 08 04 LTR Clerk re Pleading and Citations Requested [Titus Dist]
Status as of 8/7/2023 10:23 AM CST

Associated Case Party: Charles Dejoux

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Christopher W. Fitzgerald | 24038897 | chris@chrisfitzgeraldlaw.com | 8/4/2023 3:22:41 PM | SENT |
| Nicholas Way | | Nick@JohnsonBusinessLaw.com | 8/4/2023 3:22:41 PM | SENT |
| Gina Shipman | | Gina@Johnsonbusinesslaw.com | 8/4/2023 3:22:41 PM | SENT |
| Matthew Linder | | Matthew@johnsonbusinesslaw.com | 8/4/2023 3:22:41 PM | SENT |
| Diane Amyx | | diane@chrisfitzgeraldlaw.com | 8/4/2023 3:22:41 PM | SENT |
| Matthew Bourque | | Matt@johnsonbusinesslaw.com | 8/4/2023 3:22:41 PM | SENT |

Associated Case Party: Elizabeth Arnold

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Melana Taylor | | mtaylor@rlbfirm.com | 8/4/2023 3:22:41 PM | SENT |
| Lauren Landrum | | llandrum@roachfirm.com | 8/4/2023 3:22:41 PM | SENT |
| Nelson J.Roach | | nroach@roachfirm.com | 8/4/2023 3:22:41 PM | SENT |

Associated Case Party: Sandra Timmerman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Ronald DavidStutes | | rstutes@wilsonlawfirm.com | 8/4/2023 3:22:41 PM | SENT |

Associated Case Party: Nancy Coons

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Ronald DavidStutes | | rstutes@wilsonlawfirm.com | 8/4/2023 3:22:41 PM | SENT |

Copy from re:SearchTX